IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda L. Dickerson,                    )<br>                                                      )<br>                          Plaintiff,      )<br>                                                      )<br>           vs.                              )<br>                                                      )<br>Carolyn W. Colvin,                    )<br>Acting Commissioner of Social Security, )<br>                                                      )<br>                          Defendant. )<br>_____) | Civil No. 5:12-cv-0033 DCN<br><br><br><br>**ORDER** |

      This Social Security case is before the Court upon the magistrate judge's recommendation that plaintiff's Motion to Consider Additional Evidence be denied and no sentence six remand be ordered because plaintiff has not established the requisite "good cause" for not having submitted the additional evidence to the ALJ or to the Appeals Council. In addition, the magistrate judge recommends that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. §405(g) for further administrative action.

      This Court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  On August 2, 2013, the defendant filed a reply stating that she will not file objections to the Report and Recommendation.  Nothing further has been filed by either party.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is incorporated into this Order.  For the reasons articulated by the magistrate judge, plaintiff's Motion to Consider Additional Evidence is **DENIED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is hereby **REVERSED AND REMANDED** under sentence four of 42 U.S.C. §405(g) for further administrative action**.**

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

August 14, 2013
Charleston, South Carolina

*NOTICE OF RIGHT TO APPEAL*
The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.