IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| LINDA L. DICKERSON, | ) | |
| | ) | No. 5:12-cv-0033-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion for attorney's fees filed by claimant Linda L. Dickerson ("Dickerson") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Dickerson requests $8,883.66 in attorney's fees on the ground that she is a prevailing party under the EAJA. The Commissioner argues against the awarding of such fees and costs, asserting that her position was substantially justified.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Dickerson is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v.

1

Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991); see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

In this case, the magistrate judge recommended that the Appeals Council erred by failing to consider the additional evidence it received—the opinion from Dr. Elliot Bettman ("Dr. Bettman"), a treating physician, that addressed Dickerson's physical limitations. On August 14, 2013, after the Commissioner filed no objections to the report and recommendation ("R & R"), this court adopted the R&R in full and remanded the case for further administrative proceedings.

The court found that the additional evidence was similar to that considered by the Fourth Circuit in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In Meyer, the Fourth Circuit found remand appropriate because the claimant presented new evidence to the

2

Appeals Council that had not yet been considered by the fact finder, and that potentially satisfied an "evidentiary gap" that had influenced the ALJ's decision. 662 F.3d at 707. In the present case, the court found that Dr. Bettman's opinion similarly potentially filled an evidentiary gap that was noted by the ALJ—an opinion from a treating source regarding Dickerson's limitations.

The Commissioner asserts that her position was substantially justified because reasonable minds could disagree on whether Dr. Bettman's opinion related to the period on or before the date of the ALJ's decision. In support, the Commissioner notes that the court found this issue to be a "close[] call." She also asserts that, even if Dr. Bettman's opinion was found to address Dickerson's limitations during the relevant time period, the opinion "would be an outlier compared to the medical and other evidence regarding [Dickerson's] functioning."

The court is not persuaded by the Commissioner's arguments. As an initial matter, the court does not find that its previous order supports finding that the Commissioner's position was substantially justified. While the court stated that whether Dr. Bettman's opinion relates to a period on or before the ALJ's decision was a "closer call" than its finding that the opinion was not duplicative or cumulative, it went on to cite case law indicating that this unresolved issue should not preclude remand. Specifically, the court cited Bird v. Astrue, 699 F.3d 337, 340 (4th Cir. 2012), in which the Fourth Circuit found, in a slightly different context, that medical evaluations made after a claimant's insured status has expired "are not automatically barred from consideration and may be relevant to prove a disability arising before" the insured status expired. The court also noted that the ALJ could obtain clarification of the time frame of Dr.

Bettman's opinion on remand. Id. at 25 (citing Creekmore v. Astrue, No. 5:11-cv-256, 2012 WL 2874013, *3 (D.S.C. July 13, 2012) (remanding and noting that evidence submitted to Appeals Council was new and material; finding that Appeals Council could have requested clarification regarding the time frame of opinion evidence). Notably, the Commissioner has not cited any case law indicating that the uncertainty of the time frame of a treating physician's opinion should prevent remand.

Further, in arguing that Dr. Bettman's opinion is an outlier, the Commissioner asks the court to weigh this additional evidence and draw its own conclusions, which is clearly contrary to the law within this circuit. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

For these reasons, the court finds that the Commissioner has not met her burden of showing that her position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Dickerson's motion and awards fees in the amount of $8,883.66.[1]

---

[1] Dickerson seeks an award of $8,883.66 based on 48.90 attorney work hours at a rate of $181.67 per hour. See Pl.'s Mot. 1. This rate is based on the statutory rate plus a cost of living increase pursuant to the Consumer Price Index. Id. The Fourth Circuit has noted that the CPI is an appropriate tool to utilize in calculating a cost of living rate adjustment to a statutory fee. See generally Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992). Defendant does not object to the amount requested by plaintiff. Accordingly, the court finds the amount requested is reasonable. Although Dickerson has executed an affidavit that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant. Astrue v. Ratliff, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants."); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney."). This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See, e.g.,Whites v. Astrue, No.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 19, 2015**
**Charleston, South Carolina**

---

8:10-cv-3302, 2012 WL 5867149, at *2 n.1 (D.S.C. Nov. 19, 2012).  The court therefore grants attorney's fees to Dickerson, not her attorney, in the amount of $8,883.66.